UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD R. FENNELLY,

                            **Plaintiff,**

  vs.                                                         1:24-CV-172
                                                                     (MAD/TWD)

CITY OF TROY, NEW YORK STATE,
and COUNTY of RENSSELAER,

                            **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**DONALD R. FENNELLY**
579 4th Street
Troy, New York 12180
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

       On February 5, 2024, Plaintiff Donald R. Fennelly commenced this action, *pro se*, against Defendants City of Troy, New York State, and County of Rensselaer. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated his constitutional rights through various family court proceedings. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, a motion to appoint counsel, *see* Dkt. No. 4, and a motion for permission to file electronically. *See* Dkt. No. 5.

       On May 10, 2024, Magistrate Judge Therese Wiley Dancks issued a Report-Recommendation and Order granting Plaintiff's IFP motion, recommending that Plaintiff's complaint be dismissed, and denying Plaintiff's request for counsel and to file electronically. *See* Dkt. No. 7.

Plaintiff did not file any objections to the Report-Recommendation and Order. When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the May 10, 2024, Report-Recommendation and Order, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Dancks' recommendation to dismiss Plaintiff's complaint. Magistrate Judge Dancks correctly determined that New York State is immune from liability under the Eleventh Amendment. *See* Dkt. No. 7 at 7; *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citation omitted) ("[A]s a general rule, state governments may not be sued in

federal court unless they have waived their Eleventh Amendment immunity").  Additionally, Plaintiff failed to set forth cognizable claims against the municipal Defendants: the City of Troy and County of Rensselaer.  *See* Dkt. No. 7 at 7-9; *see also Arnold v. Town of Camillus, New York*, 662 F. Supp. 3d 245, 259 (N.D.N.Y. 2023).  The Court also agrees with Magistrate Judge Dancks that Plaintiff's complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 7 at 8-9.  Rules 8 and 10 require, among other things, a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  FED. R. CIV. P. 8(a)(2), 10(b).  Plaintiff's complaint contains neither; rather, his filing lists constitutional amendments, broadly asserts violations of oaths, ethical codes, and constitutional rights, and attaches a document addressed to the New York State Judicial Conduct Board concerning family court proceedings.  *See* Dkt. No. 1.  This is insufficient to meet the necessary pleading requirements.

As recommended by Magistrate Judge Dancks, and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint as to the claims against the City of Troy and County of Rensselaer.  *See* Dkt. No. 7 at 10.  However, any claims against New York State must be dismissed with prejudice and without leave to amend based on the state's immunity.  *See Sitts v. New York State, et al.*, No. 3:20-CV-1476, 2021 WL 1910843, *6 (N.D.N.Y. Jan. 7, 2021).

If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act.  The revised pleading should allege facts demonstrating the personal involvement of any named Defendant.  *See Wright*

3

*v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).[1]

    Accordingly, the Court hereby

    **ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

    **ORDERS** that Plaintiff's complaint against Defendant New York State is **DISMISSED with prejudice**; and the Court further

    **ORDERS** that Plaintiff's complaint against Defendants City of Troy and County of Rensselaer (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

    **ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case, without further order of this Court; and the Court further

    **ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: June 4, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Dancks' Report-Recommendation and Order.  *See* Dkt. No. 7 at 10.